Case 4:20-cv-00788   Document 15   Filed on 07/22/20 in TXSD   Page 1 of 11

United States Courts
Southern District of Texas
FILED

*July 22, 2020*

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED HEALTH PRODUCTS, INC. § | | CASE NO. 4:20-CV-00788 |
| *Plaintiff,* § | | |
| § | | |
| v. § | | |
| § | | |
| § | | |
| ANIMAL HEALTH INTERNATIONAL, INC., § | | |
| PATTERSON VETERINARY SUPPLY, INC., and § | | |
| PATTERSON LOGISTICS SERVICES, INC. § | | |
| *Defendants.* § | | |

## FIRST AMENDED PETITION

TO THE HONORABLE COURT:

COMES NOW, UNITED HEALTH PRODUCTS, INC., referred to as "Plaintiff" or "UHP", and files this First Amended Petition for Fraud and Unjust Enrichment, complaining of ANIMAL HEALTH INTERNATIONAL, INC. ("AHI"), PATTERSON VETERINARY SUPPLY, INC. ("PVS"), and PATTERSON LOGISTICS SERVICES, INC. ("PLS"), hereinafter jointly referred to as "Defendants", and for cause of action, would respectfully show this Honorable Court the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 USC § 1332 (diversity jurisdiction).

2. Venue is proper as the products at issue were delivered to a facility in the Southern District of Texas.

### PARTIES

3. Plaintiff, UNITED HEALTH PRODUCTS, INC., is a corporation that does business in many states, including but not limited to Texas.

4) The Defendants 1) Animal Health International, Inc., 2) Patterson Veterinary Supply, Inc., and 3) Patterson Logistics Services, Inc. are corporations doing business in many states, including but not limited to Texas.

5) The attorneys of record for the Defendants are as follows:

    a. Clyde M. Siebman (Siebman, Forrest, Burg & Smith, LLP), 4949, Hedgcoxe Road, Suite 230, Plano, Texas 75204, 214-387-9100 (t) clydesiebman@siebman.com;

    b. Kirte M. Kinser (Siebman, Forrest, Burg & Smith, LLP), 4949 Hedcoxe Road, Suite 230, Plano, Texas 75204, 214-387-9100 (t), kirtekinser@siebman.com;

    c. Aaron G. Thomas (Taft Stettinius & Hollister, LLP), 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, 612-977-8400 (t), athomas@taftlaw.com; and

    d. Kathryn M. Short (Taft Stettinius & Hollister, LLP), 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, 612-977-8400 (t), kshort@taftlaw.com.

## FACTUAL BACKGROUND

6) UNITED HEALTH PRODUCTS, INC. manufactures and produces healthcare, medical and surgical supplies. The products are sold to various distributors for resale.

7) Doug Jones, an employee and agent of the Defendant, PATTERSON VETERINARY SUPPLY, INC., requested products from the Plaintiff, UNITED HEALTH PRODUCTS, INC. and promised, on behalf of his employer to pay for the products. An amount of product was agreed upon for the agreed price of $438,596.00. The Defendant, ANIMAL HEALTH INTERNATIONAL, INC. and the Plaintiff had an ongoing distribution agreement that was modified in January of 2017.

8) Larry Hudson, an employee, with the title "sales account manager", and agent of the Defendant, PATTERSON VETERINARY SUPPLY, INC., corresponded through text

message with Plaintiff's agent confirming receipt of the product over the course of five months. (See Exhibit A – Text Correspondence, attached hereto and incorporated by reference herein.)

9) Pursuant to the agreement, an invoice was sent to PATTERSON MANAGEMENT, L.P., a General Partner and acting agent for PATTERSON VETERINARY SUPPLY, INC., on December 20, 2017 for FOUR HUNDRED THIRTY-EIGHT THOUSAND, FIVE HUNDRED AND NINETY-SIX dollars ($438,596.00). (See Exhibit B – The Invoice, attached hereto and incorporated by reference herein.) The terms of the invoice under the agreement, was "net 120". Under the agreement, full payment was due on or before April 20, 2018.

10) On or about February 2, 2018 and pursuant to the agreement, the medical supplies were shipped to PATTERSON VETERINARY SUPPLY, INC., per their specific request, to their warehouse in Houston, Texas at 6300 West by Northwest Boulevard, Suite 800, Houston, Texas 77040-4968. (See Exhibit C – UPS Proof of Delivery, attached hereto and incorporated by reference herein.) Patterson Veterinary, Patterson Warehouse and Patterson Companies, all seem to operate jointly in tandem with each other. They are also referred to herein jointly as "Patterson" or Defendants.

11) Defendants did not issue payment to Plaintiff after receipt of the product that was received in February of 2018. On May 7, 2018, UHP again requested payment according to the agreement. (See Exhibit D – Correspondence from VP, Louis Schiliro, attached hereto and incorporated by reference herein.)

12) On May 8, 2018, PVS sent a letter to the Plaintiff from its lawyer and agent, Joel Funk ("Funk") ordering the Plaintiff to make arrangements to take its product back, to cease asking for money, he falsely and fraudulently claimed that no order had ever been made, and that the company was going to discard the products if it was not picked up. (See Exhibit E – Letter of Joel

Funk, attached hereto and incorporated by reference herein.)  Effort was expended by Plaintiff to do exactly that; but were unable to successfully get their product back or to get paid as originally agreed.

13)	After communications from Joel Funk, (UHP was forbidden to talk with anyone working with the Defendants, except through their lawyer, Joel Funk), Funk committed to "…perform a reconciliation before tendering the unordered product."  (See Exhibit F – Email from Joel Funk, attached hereto and incorporated by reference herein.)

14)	While ordering Plaintiff not to contact anyone at "his company" (which is obviously the Defendants) Joel Funk simultaneously demands that the relationship between the Plaintiff and the Defendants is unilaterally terminated and knowingly makes the false representation that they are "…no longer selling any of its products or participating in any promotions for those products."  (See Exhibit G – Funk's Email Correspondence, attached hereto and incorporated by reference herein.)  Joel Funk further instructs the Plaintiff that "Honoring the demand to cease contact would be in yours and United Health Products' best interest." Simultaneously, Funk's company is also utilizing the unpaid for products.

15)	On January 7, 2019, Joel Funk threatened UHP, writing, "Patterson Companies and its affiliates have no interest in having any kind of relationship with UHP.  Be assured that if UHP continues this misguided effort, Patterson Companies will vigorously defend any claim and pursue all available remedies against UHP."

16)	Attorney Birnbach responded to Mr. Funk; Funk summarily assumed they are mistaken and asks them to reconsider their position since they have been selling the product, the product they claim they want nothing to do with.  (See Exhibit H – Letter from Birnbach, attached hereto and incorporated by reference herein.)

17) PVS requests the delivery of nearly a half-million dollars in product to their Houston, Texas address, promising to pay for it within 120 days. They make no payment whatsoever. They sell the product and/or distribute the product benefiting from the sales, while secretly pretending that they wish to return the product. They have returned none of the product whatsoever. They have their in-house counsel and agent, Joel Funk, deny any use of the product and threaten litigation if UHP continues to ask for the return of their product or payment for their product. Defendants, at this time are still actively advertising and selling/distributing the supplies.

18) The four various "Patterson" corporations and organizations and Animal Health International, Inc. (the five named Defendants) have all worked and conspired together to benefit from the products of the Plaintiff without paying for them.

## COUNT 1
## FRAUD

19) The matters set forth in Paragraphs 1-18 are incorporated by reference as though fully stated herein.

20) In Texas, "[a] fraud cause of action requires 'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'" *Formosa Plastics Corp. United States v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)).

21) The email reproduced below was false:

> From: Funk, Joel <Joel.Funk@animalhealthinternational.com>
> Sent: Friday, May 11, 2018 8:45 PM
> To: Louis Schiliro <louis.schiliro@comcast.net>
> Subject: RE: United Health Products
>
> Your questions are answered in my letter:
>
> - The decision to terminate is final and not subject to reconsideration.
> - Animal Health and Patterson Vet will perform a reconciliation before tendering the unordered product.
> - After this message, I will only communicate with United Health Products' counsel.
>
>
> Joel M. Funk
>
> General Counsel
>
> Phone: (970) 348-0456
>
> Animal Health International, Inc. & Patterson Veterinary Supply, Inc.
>
> PO Box 1240, Greeley, CO 80632-1240

22) The second bullet point reads, "Animal Health and Patterson Vet will perform a reconciliation before tendering the unordered product."

23) No "reconciliation" occurred.

24) Plaintiff relied on this misstatement by not immediately retrieving its half-million dollars' worth of product.

25) Defendants, ANIMAL HEALTH INTERNATIONAL, INC., PATTERSON VETERINARY SUPPLY, INC., and PATTERSON LOGISTICS SERVICES, INC., using the services of their lawyer Joel Funk, falsely obtained and then kept nearly a half-million dollars in product at their Houston, Texas warehouse, promising good will and money. They never intended any outcome except to arrogate the product, retain 100% of the goodwill and receipts from selling it [and giving out samples] and then to stall and threaten their way out of paying anything for the product. Plaintiff relied in good faith on their false representations. The representations were knowingly false by the Defendants and their legal counsel and were utilized

to complete the fraudulent transactions. The Defendants at all times intended to steal the product and to coerce the smaller company into simply accepting the results of their fraud.

26) The Defendants intentionally misrepresenting to Plaintiff that they intended to pay Plaintiff for the medical supplies.

27) Moreover, Defendants, made knowingly false representations and knew when they made the representations that they were false, and they were never going to be met by the Defendants.

28) The Defendants repeatedly and knowingly made false representations to induce the Plaintiff to further expose itself to financial harm. The conduct is fraudulent, and the Plaintiff was damaged. The fraudulent conduct continued after receipt of the product to delay or defeat lawful reconciliation.

29) Actual damages of $438,596.00 for the product, plus the cost for time and effort spent to collect either the stolen product or payment for the product, the actual profits for the stolen product (which will have to be determined through discovery), and punitive damages should be awarded.

30) The enlistment of a licensed attorney to perpetrate the fraud, make the apparently criminal effort more shameful. Punishment in the amount of ten times the amount of stolen property is reasonable to prevent such elaborate schemes from going forward again by this or other seemingly legitimate businesses.

31) The Defendants participated in a scheme to acquire with actual intent to hinder, to delay, or to defraud Plaintiff without paying equivalent value.

32) The various Defendants have all profited from the fraud and have all conspired with each other to wrongfully obtain the property, the subject of this lawsuit. They have

received the benefits from the property and have paid nothing for the property.

## COUNT 2
## UNJUST ENRICHMENT

33) The matters set forth in Paragraphs 1-32 are incorporated by reference as though fully stated herein.

34) As more specifically described in the foregoing paragraphs [hereby incorporated by reference] establish that the Defendants have committed actual fraud by telling the Plaintiff that a "reconciliation" would be performed and then falling to do so only after the Plaintiff had abyed efforts to retrieve its products in the Defendants' possession.

35) On April 20, 2018, payment was due to the Plaintiff.  The Defendants jointly and severally were enriched on that day in the amount of not less than $438,569.00.

36) Instead of paying for these goods, the Defendants turned around and re-sold at least part of these goods on their website.  The following is a screenshot taken March 3, 2020:



**Important notice:** Infection Control Products

**Categories:** Surgical Products : Dry Socket Treatment



### Hemostyp Trauma Gauze – 0.75" x 0.75", 4 Ply, 20/Pkg

UNITED HEALTH PRODUCTS INC
Patterson Item #: **101-2533**
Mfg Item #: **UHPDG20**

See My Price



## Product Details

Hemostyp is an all-natural, cotton-based, oxidized regenerated cellulose.

- Used to control and stop bleeding in extraction and implant procedures
- For the prevention of dry socket

## Specifications

**Package Quantity:** 20/Pkg

## Legend



Prices in Green indicate discounted price.

9 of 11

## ATTORNEY'S FEES

37) Based on the facts set forth in the previous paragraphs and the causes of action set forth herein, Plaintiff has been forced to expend attorney's fees to assert its rights. Pursuant to the TEX.CIV.PRAC&REM. CODE, Plaintiff seeks recovery of its reasonable attorney's fees incurred in prosecuting the present action.

/s/ Seth Kretzer
**SETH H. KRETZER**
SBN: 24043764

LAW OFFICES OF SETH KRETZER
440 Louisiana Street; Suite 1440
Houston, TX 77002

DIRECT: (713) 775-3050
seth@kretzerfirm.com (email)

Michael Louis Minns
TBN: 14184300
mike@minnslaw.com
Ashley Blair Arnett
TBN: 24064833
ashley@minnslaw.com
MINNS & ARNETT
9119 Gessner
Houston, Texas 77074

(713) 777-0772 (direct)
(713) 777-0453 (fax)

*Attorneys for United Health Products, Inc.*

## **CERTIFICATE OF SERVICE**

      This is to certify that on this, the 16th day of July 2020, a true and correct copy of the above and foregoing instrument was served electronically through the CM/ECF system upon all counsel of record.

                                       */s/ Seth Kretzer*
                                       **SETH H. KRETZER**